James C. WEIR, Appellant,

v.

UNITED STATES of America, Appellee.

No. 23336.

United States Court of Appeals Fifth Circuit.

July 8, 1966.

F. D. Hand, Jr., Asst. U. S. Atty., Atlanta, Ga., for appellee.

Before TUTTLE, Chief Judge, and BROWN and COLEMAN, Circuit Judges.

PER CURIAM:

Petitioner and his wife were sentenced on their pleas of guilty for transporting in interstate commerce a stolen vehicle on June 2, 1964. When appellant and his wife appeared for arraignment on that

date, the court appointed counsel for them and after a short conference with his clients, counsel was present in court when the plea of guilty was entered. The court made no specific inquiry of appellant or his wife as to their understanding of the nature of their pleas or any facts touching on the voluntariness of the plea.

On June 8th the court passed a sentence on the wife, committing her to the custody of the Attorney General or his authorized representative for imprisonment for a period of two years, the court stating that she needed immediate medical attention and probably an operation.

On June 16th, after being given an opportunity of allocution, appellant was sentenced to a term of four years imprisonment.

Appellant now files a motion to vacate the judgment and sentence under Section 2255 of Title 28 U.S.C.A. He alleges that his plea of guilty entered on June 2nd was not voluntary, but that it was entered upon the suggestion of appointed counsel, who, after consulting with the prosecuting attorney, told appellant that the court would give his wife probation if he would plead guilty.

The trial court stated, "The record in the case refutes the factual allegations of movant so far as they relate to the sequence of events. It appears that the pleas of guilty of movant and his wife were entered on the same date and that the sentence of movant's wife was entered on June 8th, 1964, while movant's sentence was not imposed until June 16, 1964."

While not now deciding that advice of counsel to plead guilty in the hope that an accused's wife will be more leniently treated would per se make such plea involuntary, it is nevertheless clear that on the record here there has been no factual determination as to the truth or falsity of appellant's statement that his plea of guilty was not voluntary but was entered by reason of the concern for his wife, who was undisputedly in need of prompt medical treatment. It is true that before appellant was sentenced himself his wife had already been sentenced. This, however, does not cast any light on the motivation of his guilty plea entered two weeks earlier, unless it can be said that at the time of his sentence on June 16th he was required to move to withdraw his guilty plea on pain of forever abandoning his right to raise the issue. It now being clear that the question to be ascertained, when properly raised, is whether the plea of guilty was in fact voluntary, Shelton v. United States, 356 U.S. 26, 78 S.Ct. 563, 2 L.Ed.2d 579, we consider it appropriate to vacate the judgment and remand the case to the district court for ascertainment of the truth or falsity of his allegation that his plea of guilty was not voluntary.

The judgment is reversed and the case is remanded to the district court for further proceedings.